UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TYRONE QUENTIN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00317-JPH-MJD |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion to Supplement, Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Directing Entry of Final Judgment**

Petitioner Tyrone Johnson, an inmate currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He asserts numerous challenges to his conviction and sentence, including that he is entitled to relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016)[2], because he does not have the necessary predicate convictions for an enhanced sentence under 21 U.S.C. § 841(b)(1). For the reasons explained below, his petition is **denied**.

**I. Motion for Leave to Supplement**

In October 2020, Mr. Johnson filed a motion for leave to supplement asking the Court to consider an opinion from the United States District Court for the Eastern District of Michigan that

---

[1] Mr. Johnson was incarcerated at the Federal Correctional Institution located in Terre Haute, Indiana, when he filed his petition. *See* dkt. 1. He was subsequently transferred to the Federal Correctional Institution in Fairton, New Jersey. *See* Federal Bureau of Prisons, *Find an Inmate*, available at www.bop.gov/inmateloc/ (last visited Jan. 11, 2021).

[2] In *Mathis*, the United States Supreme Court "narrowed the range of state statutes that qualify as violent felony predicates under the Armed Career Criminal Act." *Chazen v. Marske*, 938 F.3d 851, 855 (7th Cir. 2019).

1

addresses the issues raised in his § 2241 petition. Dkt. 28. This motion, dkt. [28], is **granted** to the extent the Court will consider relevant precedent as discussed below.

## II. Factual and Procedural Background

In December 2011, a grand jury returned a one-count indictment against Mr. Johnson, charging him with distributing a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *United States v. Johnson*, 1:11-cr-20767-TLL-PTM (E.D. Mich.) ("Crim. Dkt."); dkt. 1. In May 2012, a grand jury returned a superseding indictment that charged Mr. Johnson with one count of conspiracy to possess with intent to distribute and to distribute 100 grams or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 846 ("Count 1"), one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 2"), one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 3"), one count of using a communication facility to commit conspiracy to distribute heroin in violation of 21 U.S.C. § 843(b) ("Count 4"), and one count of using a residence to distribute and use controlled substances in violation of 21 U.S.C. § 856(a)(1) ("Count 5"). Crim. Dkt. 17.

After return of the superseding indictment, the United States filed an information pursuant to 21 U.S.C. § 851. Crim. Dkt. 18. It stated that Mr. Johnson had the following prior convictions:

> a conviction on March 11, 1998 for attempted possession of cocaine, less than 25 grams, in case number 97-9499 in the Recorder's Court (Wayne County Circuit Court); a November 13, 1998 conviction for delivery/manufacture of less than 50 grams in case number 98-1758-FH in Macomb County Circuit Court; a conviction on February 24, 2000 for delivery of less than 50 grams of cocaine in case number 99-11195 in Wayne County Circuit Court; and a conviction on December 1, 2008 for possession of methamphetamine in case number 08-011525-01-FH in Wayne County Circuit Court.

*Id.*; *see also* dkt. 8-2 at 2.

2

Mr. Johnson proceeded to trial, and a jury convicted him of all counts charged in the superseding indictment. Crim. Dkt. 42; *see also* dkt. 8-1. With respect to Count 1, the jury found that the conspiracy involved less than 100 grams of a mixture or substance containing heroin. Dkt. 8-1 at 2.

After Mr. Johnson's conviction at trial, a United States Probation Officer prepared a presentence investigation report ("PSR") concerning Mr. Johnson. *See* dkt. 20. The PSR grouped all of the offenses and determined that Mr. Johnson's adjusted offense level was 24. Dkt. 20 at ¶¶ 15-22. It applied the career offender guideline, United States Sentencing Guidelines ("Sentencing Guidelines") § 4B1.1, and calculated Mr. Johnson's total offense level as 34. Dkt. 20 at ¶¶ 23-25.

The PSR found that Mr. Johnson had several prior felony convictions, including convictions for: (1) possession of less than 25 grams of cocaine, (2) possession with intent to deliver under 50 grams of cocaine, (3) delivery of less than 50 grams of a controlled substance, (4) aggravated domestic assault, and (5) possession of methamphetamine. Dkt. 20 at ¶¶ 26-32. Whether considering only Mr. Johnson's prior convictions or his status as a career offender pursuant to Sentencing Guidelines § 4B1.1, his criminal history category was VI. *Id.* at ¶¶ 34-35.

Based on the § 851 information, Mr. Johnson's statutory maximum sentence for Counts 1 through 3 was 30 years' imprisonment. 21 U.S.C. § 841(b)(1)(C); *see also* dkt. 20 at ¶ 56. He was subject to a statutory maximum sentence of 8 years' imprisonment on Count 4 and 20 years' imprisonment on Count 5. *See* dkt. 20 at ¶ 56. His guideline range under the Sentencing Guidelines was 262 to 327 months' imprisonment. *Id.* at ¶ 57.

In May 2013, Mr. Johnson received an aggregate sentence of 270 months' imprisonment to be followed by an aggregate six-year term of supervised release. Crim. Dkt. 58. He appealed his

3

convictions and sentence, Crim. Dkt. 59, and the United States Court of Appeals for the Sixth Circuit affirmed, *United States v. Johnson*, 765 F.3d 644 (6th Cir. 2014). Mr. Johnson filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Crim. Dkts. 72, 73, but the district court denied this motion in October 2016, Crim. Dkts. 87, 88.

In November 2017, Mr. Johnson sought leave to file a second or successive motion under § 2255, arguing that two of his prior convictions could not be used to enhance his sentence in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *United States v. Johnson*, No. 17-2427 (6th Cir.). The Sixth Circuit denied his request in April 2018, finding that his only argument did "not rely on [a] new rule of constitutional law made retroactive by the Supreme Court . . . ." *Id.*; dkt. 1 at 2.

Mr. Johnson filed his § 2241 petition in July 2019. Dkt. 1. In his original petition and supplement, he challenges the sentencing enhancements applied under 21 U.S.C. § 841(b)(1)(C) and Sentencing Guidelines § 4B1.1. He also challenges the effectiveness of his trial and appellate counsel, the procedures related to the § 851 information filed by the United States, and the sentencing proceedings. Dkts. 1, 8.

### III. Availability of Relief Under Section 2241

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. Specifically, under § 2255(e), a federal prisoner may seek relief under § 2241 only if it "appears that the remedy by motion [under § 2255] is inadequate or

ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 719 F.3d at 313 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed § 2255(e), referred to as the "savings clause," in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause, "a petitioner must establish that '(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.'"[3] *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019)

---

[3] The respondent states that the Department of Justice has adopted a revised view of when relief is available under § 2241 but recognizes that this argument is foreclosed by precedent in the Seventh Circuit. *See* dkt. 19 at 6 n.2.

(quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Roundtree*, 910 F.3d at 313 (acknowledging a circuit split regarding this test and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g.*, *Davis v. Cross*, 863 F.3d 962, 964-65 (7th Cir. 2017) (affirming denial of relief under § 2241 because petitioner could not establish third requirement).

The respondent recognizes that it is unclear whether the Court should apply the substantive law of the Sixth Circuit or the Seventh Circuit to address the merits of Mr. Johnson's claims. *See* dkt. 19 at 11. The parties do not dispute, however, that the Seventh Circuit's three-part test is applicable to determine whether Mr. Johnson may proceed under the savings clause. Accordingly, this Court first addresses whether Mr. Johnson's claims satisfy each requirement of the three-part test to invoke the savings clause.

### A. Applicability of Sentencing Guidelines § 4B1.1

One of Mr. Johnson's main arguments is that the district court improperly applied the career offender provision of the Sentencing Guidelines, § 4B1.1, to him. *See* dkt. 1 at 5-15. The Court cannot address the merits of this argument, however, because Mr. Johnson has not established the third *Davenport* requirement—that any error is grave enough to constitute a "miscarriage of justice." *Chazen*, 938 F.3d at 856.

In *Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019), the Seventh Circuit addressed whether a "miscarriage of justice" occurred where the petitioner was sentenced under the career offender provision of the Sentencing Guidelines and a subsequent change in the law

6

changed the defendant's status as a career offender.[4] It concluded that "[a] change in the law revoking the status under the now-advisory [Sentencing] Guidelines . . . is not cognizable upon collateral review." *Id.* The court based its decision in part on the fact that the Sentencing Guidelines are advisory and thus a district court "may not even *presume* that a sentence within the applicable [Sentencing] Guidelines range would be proper." *Id.* (quoting *Hawkins v. United States*, 706 F.3d 820, 822 (7th Cir. 2013)). Rather, the court "must make an independent determination of whether a guideline sentence would comport with the sentencing standard set forth in 18 U.S.C. § 3553(a)." *Hawkins*, 706 F.3d at 823. Because the Sentencing Guidelines are now advisory, "[a]n error that may have occurred in calculating the [Sentencing] Guidelines range does not constitute a 'miscarriage of justice' when the 'sentence is well below the ceiling imposed by Congress.'" *Hanson*, 941 F.3d at 878 (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)).

Mr. Johnson was sentenced in May 2013, Crim. Dkt. 58, well after the Supreme Court concluded in *United States v. Booker*, 543 U.S. 220 (2005), that the Sentencing Guidelines are advisory. Because Mr. Johnson was sentenced under advisory, rather than mandatory, Sentencing Guidelines, his reliance on *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), is unpersuasive. *See Hawkins*, 706 F.3d at 822-23 (noting a "critical difference between *Narvaez* and the present case" because the petitioner in the present case was sentence under the advisory Sentencing Guidelines).

---

[4] The petitioner in *Hanson v. United States*, 941 F.3d 874 (7th Cir. 2019), sought relief under 28 U.S.C. § 2255, not § 2241. This difference is immaterial, however, as the inquiry under either § 2255 or § 2241 is whether the petitioner can establish a "miscarriage of justice." District courts have applied the rationale in *Hawkins* to § 2241 petitions. *See, e.g.*, *Fleming v. Entzel*, No. 20-cv-1059, 2020 WL 5881437 (C.D. Ill. Oct. 2, 2020); *Shabaz v. Bell*, No. 2:18-cv-00260-JPH-DLP, 2019 WL 8227079 (S.D. Ind. Jan. 31, 2019); *Lara v. Kreuger*, No. 2:17-cv-00382-WTL-MJD, 2018 WL 8803707 (S.D. Ind. Apr. 26, 2018)

The Seventh Circuit has concluded that a petitioner sentenced under advisory Sentencing Guidelines cannot establish a miscarriage of justice based on an error in applying the Sentencing Guidelines so long as his sentence falls within the maximum punishment set by Congress. *See Hanson*, 941 F.3d at 878. As discussed below, Mr. Johnson's 270-month sentence is well-within the 30-year maximum sentence authorized by 21 U.S.C. § 841(b)(1)(C). Thus, even if he could establish that he no longer qualifies as a career offender under § 4B1.1, he cannot establish a miscarriage of justice that would allow his § 2241 petition to proceed under the savings clause. He therefore is not entitled to relief on this basis.

### B. Constitutional Claims

Mr. Johnson also raises three constitutional claims in his original and supplemental § 2241 petitions: (1) trial and appellate counsel failed to provide effective assistance as guaranteed by the Sixth Amendment by failing to object to the application of Sentencing Guidelines § 4B1.1 at trial and on appeal, dkt. 1 at 12-15; (2) his enhanced sentence under 21 U.S.C. § 841(b)(1)(C) violates the Fifth and Sixth Amendments because the § 851 information was invalid and the jury did not make a factual finding concerning his prior convictions, dkt. 8 at 14-17; and (3) errors during his sentencing proceeding deprived him of his due process rights under the Fifth Amendment, dkt. 8 at 17-19. He may not proceed on any of these claims under § 2241, however, because none of them satisfy the first *Davenport* requirement.

As explained above, to fit within the savings clause, a petitioner "must establish that the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion." *Chazen*, 938 F.3d at 856; *see also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) ("First, the prisoner must show that he relies on a

8

statutory-interpretation case, rather than a constitutional case." (internal quotation marks and citation omitted)).

The three arguments identified above do not rely on cases of statutory interpretation. Mr. Johnson's claims of ineffective assistance of counsel arise from *Strickland v. Washington*, 466 U.S. 668 (1984), a case wherein the Supreme Court outlined the right to effective assistance of counsel found in the Sixth Amendment. His next argument relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that the "[f]ederal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham v. California*, 549 U.S. 270, 274-75 (2007). Finally, Mr. Johnson's third argument invokes due process rights outlined in the Fifth Amendment.

Because these three arguments arise from cases of constitutional, rather than statutory, interpretation, they do not fall within the first *Davenport* requirement. Mr. Johnson therefore may not pursue these arguments in his § 2241 petition.

### C. Compliance with Procedural Requirements of 21 U.S.C. § 851

Mr. Johnson also contends that he is entitled to relief under § 2241 because the district court did not comply with certain procedural requirements outlined in 21 U.S.C. § 851(b). Dkt. 8 at 10-14. He states that the district court did not ask him to affirm or deny his prior convictions and that trial and appellate counsel did not file a written response challenging the existence of the prior convictions. *Id.* Mr. Johnson cannot pursue this claim under § 2241 because he cannot satisfy any of the *Davenport* factors. The Court will focus on the second factor—whether this is a new rule that was previously unavailable to Mr. Johnson.

In support of his argument, Mr. Johnson relies on *Kelly v. United States*, 29 F.3d 1107 (7th Cir. 1994). *See* dkt. 8 at 10. In *Kelly*, the Seventh Circuit recognized "that a court does not even have jurisdiction to impose an enhanced sentence unless notice [of the prior convictions] is served . . . before the commencement of jury selection." 29 F.3d at 1110. *Kelly* was decided in 1994, and the procedural requirements in § 851 have existed since the statute was enacted in 1970. Even if the Court assumes that there was noncompliance with these procedural requirements when Mr. Johnson was sentenced in 2013, this argument was available to him then.[5] Consequently, he may not proceed with this argument for relief under § 2241.

### D. *Mathis* Claim

Finally, Mr. Johnson asserts that he is entitled to relief under § 2241 because his prior convictions no longer qualify as predicate offenses for purposes of an enhanced sentence under 21 U.S.C. § 841(b)(1)(C) in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Dkt. 8 at 5-10. This claim meets the first two requirements under *Davenport*. First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241"). Second, in the absence of any objection from the respondent, Mr. Johnson also meets the second requirement because *Mathis* is retroactive. *Chazen*, 938 F.3d at 861-62 (recognizing that *Mathis* "fits the bill" of the second *Davenport* requirement because it "injected much-needed clarity and direction into the law under the Armed Career Criminal Act");

---

[5] The Court notes that *Kelly* was expressly overruled by *United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir. 2002). Although the procedural requirements of § 851 were no longer jurisdictional when Mr. Johnson was sentenced, nothing precluded him from raising an earlier challenge based on an alleged failure to comply with these requirements. *See, e.g.*, *Vinyard v. United States*, No. 10-CV-341-WDS, 2013 WL 6153268, *20 (S.D. Ill. Nov. 22, 2013) (petitioner challenged failure to comply with § 851 procedural requirements in § 2255 motion).

*Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("[S]ubstantive decisions such as *Mathis* presumptively apply retroactively on collateral review."). The sole issue then is whether Mr. Johnson's petition satisfies the third requirement for relief under § 2241—that the error is grave enough to be a miscarriage of justice.

Mr. Johnson's *Mathis* claim may satisfy the third *Davenport* requirement for relief under § 2241. If none of Mr. Johnson's prior state convictions qualify as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(C), then he is actually innocent of the enhanced statutory maximum of 30 years' imprisonment under § 841(b)(1)(C) and the lower statutory maximum of 20 years' imprisonment would apply. If the lower statutory maximum is applicable, the error is a miscarriage of justice because Mr. Johnson received a sentence over 20 years' imprisonment. *See* Crim Dkt. 58. Thus, the Court will address the merits of Mr. Johnson's *Mathis* claim.

## IV. Discussion

Mr. Johnson argues that there has been a miscarriage of justice because he was wrongfully subject to an enhanced sentence under 21 U.S.C. § 841(b)(1)(C) based on his prior felony drug convictions in the state of Michigan. Dkt. 8 at 5-10.

### A. Applicable Law

The Seventh Circuit has not decided whether the law of the circuit of conviction or the law of the circuit of confinement applies to the merits analysis of a § 2241 petition. The choice of law greatly impacts the outcome of Mr. Johnson's case. If Sixth Circuit law applies, Mr. Johnson is not entitled to relief because the Sixth Circuit does not apply *Mathis* to sentence enhancements imposed under § 841(b)(1). *Tennison v. Terris*, No. 18-1934, 2019 WL 3941164, *1 (6th Cir. Apr. 30, 2019) ("But *Mathis* has no bearing on his case because 'this court does not employ a categorical approach to determining whether a prior conviction constitutes a felony drug offense for purposes

11

of section 841(b)(1).'") (quoting *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001)); *see also Romo v. Ormond*, No. 17-6137, 2018 WL 4710046, *2 (6th Cir. Sept. 13, 2018); *Smith v. Ormond*, No. 18-5101, 2018 WL 714637, *2 (6th Cir. July 30, 2018). In contrast, if Seventh Circuit law applies, the Court must employ the categorical approach set forth in *Mathis* to analyze whether any of Mr. Johnson's prior drug convictions qualify as a "felony drug offense" under § 841(b)(1)(A) and 21 U.S.C. § 802(44). *See United States v. Elder*, 900 F.3d 491, 499-501 (7th Cir. 2018).

District courts confronting this choice of law issue have concluded that the law of the circuit of conviction applies. In line with these decisions and the reasons set forth in the concurrence in *Chazen*, 938 F.3d at 863-66, the Court concludes that the law of the circuit of conviction applies in this case. This approach will promote consistency within Mr. Johnson's challenges to his conviction and sentence and avoid inter-circuit conflict. The transient nature of a § 2241's petitioner's incarceration is another reason to apply the substantive law of the court of conviction rather than the court of incarceration. Although Mr. Johnson was incarcerated at the Federal Correctional Institution located in Terre Haute, Indiana, when he filed his petition, he was subsequently transferred to another facility in yet another federal judicial circuit. It would not be prudent to apply the substantive law of the court of incarceration when the place of incarceration may change frequently.

### B. Predicate Felony Drug Offense Under 21 U.S.C. § 841(b)(1)(C)

Mr. Johnson was subject to an enhanced statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C) because of his prior felony convictions. *See* dkt. 20 at ¶ 56. When he was sentenced in May 2013, the applicable version of § 841 provided in relevant part that, "[i]f any person commits [a violation of this section] after a prior conviction for a felony drug offense has become

final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . ." 21 U.S.C. § 841(b)(1)(C) (eff. Aug. 3, 2010 to Dec. 20, 2018). The term "felony drug offense" is defined exclusively by 21 U.S.C. § 802(44). *Burgess v. United States*, 553 U.S. 124, 130 (2008); *see also United States v. Graham*, 622 F.3d 445, 456 (6th Cir. 2010). It is defined as a prior state or federal offense that (1) "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" and (2) is punishable by more than one year in prison. 21 U.S.C. § 802(44).

When determining whether a prior conviction constitutes a "felony drug offense" under § 802(44), the Sixth Circuit does not engage in a detailed comparison of the elements. Rather, the Sixth Circuit looks at the offense generally. *See United States v. Grayson*, 731 F.3d 605, 606-08 (6th Cir. 2013); *United States v. Soto*, 8 F. App'x 535, 540-41 (6th Cir. 2001); *see also Hernandez v. Ormond*, No. 17-81-DLB, 2017 WL 4124176, *3 (E.D. Ky. Sept. 18, 2017) ("to qualify as a 'felony drug offense,' no detailed comparison of elements is required.").

In November 2001, Mr. Johnson was convicted of one count of delivery or manufacture of less than 50 grams of a controlled substance in violation of Michigan Compiled Laws § 333.7401. *See* dkt. 19-1. As relevant to Mr. Johnson, § 333.7401(1) states: "a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form." Mich. Comp. Laws § 333.7401(1) (eff. until Dec. 21, 2010). The statutory sentence for this offense at the time of Mr. Johnson's conviction was "not more than 20 years." *Id.* § 333.7401(2)(a)(iv).

Section 333.7401 clearly prohibits conduct "relating to narcotic drugs." 21 U.S.C. § 804(22). The term "narcotic drugs" includes "cocaine, its salts, stereoisomers, and salts of stereoisomers . . .," Mich. Comp. Laws § 333.7412(a)(iv) (eff. until Dec. 29, 2013), and Mr.

13

Johnson admits that his offense involved cocaine.[6] *See* dkt. 1 at 8 (arguing that his convictions for possession with intent to deliver and delivering cocaine do not qualify as predicate offenses). Additionally, a violation of § 333.7401(1) is punishable by more than one year in prison. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv) (eff. until Dec. 21, 2010). Consequently, this conviction is a predicate "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(C). *See United States v. Owens*, No. 5:17-CV-233-KKC-EBA, 2018 WL 3581138, *2 (E.D. Ky. May 30, 2018) (determining that prior conviction under Mich. Comp. Laws § 333.7401 was a "felony drug offense" for purposes of 21 U.S.C. § 841(b)).

The Court need not examine any of Mr. Johnson's other prior convictions. His conviction for delivering or manufacturing less than 50 grams of cocaine in violation of Michigan Compiled Laws § 333.7401 constitutes a "felony drug offense" under 21 U.S.C. § 802(44). Therefore, he has at least one predicate offense that subjects him to the enhanced statutory maximum sentence set forth in 21 U.S.C. § 841(b)(1)(C). He is not entitled to relief under § 2241 because he has not established that he is actually innocent of the enhanced statutory maximum sentence.

## V. Conclusion

Mr. Johnson's motion for leave to supplement, dkt. [28], is **granted**. For the reasons set forth above, Mr. Johnson cannot obtain relief pursuant to 28 U.S.C. § 2241. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)"). Judgment consistent with this Order shall now issue.

**SO ORDERED**.

---

[6] In addition to Mr. Johnson's admission, the judgment for this conviction establishes that he was convicted of delivering or manufacturing cocaine. *See* dkt. 19-1 (referencing Mich. Comp. Laws § 333.7402(2)(a) which references Mich. Comp. Laws § 333.7214(a)(iv)).

14

Date: 9/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYRONE QUENTIN JOHNSON
46589-039
FAIRTON - FCI
FAIRTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 420
FAIRTON, NJ 08320

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov